*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-18-0000678
20-AUG-2025
07:56 AM
Dkt. 24 SO**

SCWC-18-0000678

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

In re FWH, by and through ALOHA NURSING REHAB CENTRE,
Petitioner/Appellant-Appellant,

vs.

DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAIʻI,
Respondent/Appellee-Appellee.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000678; CASE NO. 1CC171002013)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

This appeal arises from Aloha Nursing Rehab Centre's
(Aloha) request for a hearing with the Department of Human
Services (DHS) Administrative Appeals Office (AAO) and request
for reimbursement from DHS.

Based on DHS' Medicaid eligibility determination, Aloha
accepted FWH as a facility resident.  Aloha provided services to
FWH for eight years.  Aloha later found out that FWH did not

qualify for Medicaid because he had too much money in a California bank account.  DHS ended his Medicaid and stopped paying Aloha.

Aloha worked to clear the California account, and DHS retroactively reinstated FWH's Medicaid – but not all the way back to when DHS first ended benefits.  Fourteen months were not covered by Medicaid, DHS said.

Aloha requested reimbursement from DHS for the fourteen months of services provided.  DHS refused.

Aloha appealed.  The AAO denied its appeal.  Because it was not FWH's "authorized representative," AAO said, the nursing facility lacked standing.  And its appeal was too late.

Recently In re FT by and through Aloha Nursing Rehab Ctr. v. Dep't of Hum. Svcs., ____P.3d____, 2025 WL 2125219 (Haw. July 29, 2025), held that skilled nursing facilities have a constitutionally-protected property interest in reimbursement for Medicaid-related services provided in reliance on DHS eligibility determinations.  Thus, "[w]here an individual receiving Medicaid benefits does not have an authorized representative willing or able to appeal an adverse agency decision, a skilled nursing facility providing care to the person must receive notice, and the opportunity to appeal a DHS Medicaid eligibility determination."  Id. at *4.

We hold that, based on In re FT, Aloha has the right to notice and the opportunity to be heard.  We vacate the ICA's judgment and remand for a hearing on the merits.

**I.**

In May 2004, DHS Med-Quest approved FWH's application for Medicaid.  Aloha, a nursing home specializing in skilled nursing and hospice care, admitted FWH as a resident in June 2004.  At the time, FWH's sister was his power of attorney.  She would step in to make decisions on his behalf if he became incapacitated.

In March 2012, FWH's doctor determined that FWH became incapacitated.  That same week, Aloha found out that FWH's sister (his power of attorney) had recently died.

On April 1, 2012, DHS ended Medicaid benefits and stopped paying Aloha.

In July 2012, Aloha filed a petition asking the court to find FWH incapacitated and appoint the Office of the Public Guardian (OPG) as his guardian.  The court found FWH incapacitated and appointed him a guardian.

Sometime in 2013, FWH's guardian submitted a Medicaid application to DHS.  DHS denied the application because FWH had $8,169.48 in a California bank account.  Those funds made him too wealthy to receive Medicaid.

Aloha worked with a California attorney to release the funds so FWH could qualify again. FWH's guardian re-applied for Medicaid on his behalf.

In February 2014, DHS retroactively granted FWH Medicaid benefits as of July 1, 2013. FWH remained covered until his death in June 2014.

In April 2016, Aloha asked DHS to reimburse it for $93,379.18 in services provided to FWH during the fourteen months DHS did not pay FWH's benefits.

DHS denied the reimbursement request. DHS explained that it ended FWH's Medicaid because FWH had money in a California bank account that made him ineligible for Medicaid.

Aloha claimed that it never received notice of this Medicaid termination. Aloha requested a hearing with the AAO challenging that action. The AAO denied the hearing request.

Aloha appealed the AAO's denial to the Circuit Court of the First Circuit. DHS moved to dismiss. It argued Aloha did not have standing to appeal termination of Medicaid benefits per Hawai'i Revised Statutes (HRS) § 346-12 (2015) and Hawai'i Administrative Rules (HAR) § 17-1703.1-3 (eff. 2013). The circuit court denied DHS' motion to dismiss and remanded for the AAO to address the narrow issue of whether Aloha had standing to request an administrative hearing.

Aloha filed a revised claim with the AAO, and the AAO held a hearing to address the question of standing. The AAO hearing officer determined that because Aloha was not an "applicant or recipient" per HRS § 346-12, it did not have a right to a hearing per HAR § 17-1703.1-3. It also was not entitled to notice of DHS' termination of FWH's benefits per HAR § 17-1703.1-2 (eff. 2013).

Aloha appealed to the circuit court again. The circuit court affirmed the AAO's decision. It determined that Aloha lacked standing under HRS § 346-12. And even if third-party standing applied, Aloha failed to meet the third-party standing test.

Aloha appealed to the ICA. The ICA agreed with the circuit court that Aloha lacked standing per HRS § 346-12. The ICA also affirmed the circuit court's holding that third-party standing was unavailable under HRS § 346-12, and inapplicable to Aloha.

On cert, Aloha argues that it has standing under HRS § 346-12, and third-party standing.

## II.

Based on In re FT, we hold that Aloha was entitled to notice and the opportunity to be heard. 2025 WL 2125219, at *4.

Aloha provided services to FWH from June 2004 (after FWH was approved for Medicaid) until his death in 2014. No other party was willing or able to appeal DHS' eligibility decision.

5

Thus, we hold that Aloha has a constitutionally-protected property interest in services provided to FWH, and is entitled to an administrative hearing on the merits.

### III.

We vacate both the ICA's May 16, 2024 judgment and the circuit court's August 1, 2018 "Order Affirming Administrative Hearing Decision Dated November 20, 2017" and judgment. We remand for a new administrative hearing on the merits of FWH's Medicaid eligibility from April 2012 to June 2013.

DATED: Honolulu, Hawai'i, August 20, 2025.

| | |
|---|---|
| Thomas E. Bush<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Sabrina S. McKenna |
| Lili A. Young<br>(James W. Walther on the briefs)<br>for respondent | /s/ Todd W. Eddins |
| | /s/ Lisa M. Ginoza |
| | /s/ Vladimir P. Devens |

